**E-FILED on**   6/18/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT PRESTON,<br><br>      Petitioner,<br><br>   v.<br><br>ROSANNE CAMPBELL, Warden of Mule Creek State Prison, Ione,<br><br>      Respondent. | No. C-05-05154 RMW<br><br>ORDER TO SHOW CAUSE<br><br>**[Re Docket No. 1]** |

     Robert Preston petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court will require respondent to show cause why a writ of habeas corpus should not be granted.

### I. BACKGROUND

     Preston was born and raised on a Navajo Indian reservation and performs Navajo "spiritual work" including religious ceremonies for Native American tribes.  In 1992, Preston met Marquel S., then twelve years old.  He developed a relationship with her family and became their medicine man.  When Marquel was thirteen, Preston approached Marquel and offered to teach her more about her Native American heritage.  Encouraged by her family, Marquel agreed to become Preston's

ORDER TO SHOW CAUSE—No. C-05-05154 RMW
LJP

apprentice. Preston performed an initiation ceremony consisting of several phases, allegedly including sexual intercourse and sexual assault. Thereafter, Preston had Marquel assist him in religious ceremonies and allegedly continued to engage in sexual intercourse with her.

On September 24, 2001, Preston was charged with two counts of lewd and lascivious conduct and four counts of rape. Each count pertained to distinct time periods between August 1, 1995 and December 31, 1997. At trial, the prosecution also introduced testimony by Crystal D. regarding a sexual battery that occurred in August 1995, to which Preston had pleaded no contest in a separate proceeding. The jury was instructed that it could use this evidence to infer that the defendant was likely to or did commit the charged offenses, but that such evidence was "not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." The jury returned a guilty verdict on two charges: lewd and lascivious conduct between August 1, 1995 and December 31, 1995, and rape committed between August 1, 1995 and December 31, 1995. The jury deadlocked on the other charges, which were ultimately dismissed.

Two months after the jury rendered a verdict, the prosecutor informed Preston that, before testifying, Crystal told the prosecutor that she had been arrested in San Diego for drug possession but never charged or convicted. The prosecutor had found an entry for an arrest in March 1999 for possession for sale and/or transportation but did not investigate further. After the trial, Crystal called the prosecutor's inspector to inform him that there was a warrant for her arrest. Upon calling the San Diego District Attorney's office, the inspector learned that there were charges pending against Crystal for possession of marijuana for purposes of sale, possession of methamphetamine, and possession of narcotic paraphernalia. The trial judge found that the prosecutor had violated his statutory discovery obligations by failing to investigate upon learning that Crystal had been arrested for drug possession for sale and not just simple possession, but denied Preston's motion for a new trial. On appeal, the California Court of Appeal affirmed the convictions. The California Supreme Court denied Preston's petition for review on September 15, 2004. Preston filed his petition for habeas corpus in this court on December 13, 2005.

## II.  ANALYSIS

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.  Petitioner's Claims

Petitioner asserts two grounds for federal habeas relief.  First, he alleges that the prosecutor's failure to disclose material evidence, i.e. the fact that Crystal had sought police assistance on the pending drug charges and had lied to the prosecutor about the nature of those charges, deprived him of his rights under the Fifth, Sixth, and Fourteenth Amendments because it denied him of his rights to present exculpatory evidence and to receive a fair trial.  Second, he alleges that the jury instruction regarding Crystal's testimony was unconstitutional as applied and deprived him of his right to due process.  The court will require respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## III.  ORDER

Respondent is ordered to show cause why petitioner's petition for a writ of habeas corpus, filed on December 13, 2005, should not be granted.

1.  The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.

2.  Respondent shall file with the court, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner

      wishes to respond to the answer, he shall do so by filing a traverse within thirty days of the filing of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within sixty days of the issuance of this order.  If respondent files such a motion, petitioner shall file with the court an opposition or a statement of non-opposition within thirty days of the filing of the motion, and respondent shall file with the court a reply within fifteen days of the filing of any opposition.

DATED:    6/18/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Petitioner:**

3  Dennis P. Riordan                dennis@riordan-horgan.com

4  **Counsel for Respondent:**

5

6  Counsel are responsible for distributing copies of this document to co-counsel that have not
registered for e-filing under the court's CM/ECF program.

7

8

9
    **Dated:**    6/18/07           /s/ MAG
10                                                        **Chambers of Judge Whyte**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28