**E-FILED on**    1/6/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT PRESTON,<br><br>        Petitioner,<br><br>     v.<br><br>ROSANNE CAMPBELL, Warden of Mule Creek State Prison, Ione,<br><br>        Respondent. | No. C-05-05154 RMW<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY<br><br>**[Re Docket No. 1]** |

    Petitioner Robert Preston ("Preston") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for rape and lewd and lascivious conduct upon a child under the age of fifteen years while petitioner was at least ten years older than the child. On June 18, 2007, the court ordered respondent to show cause why a writ of habeas corpus should not issue. After considering the papers of both parties and for good cause shown for the reasons stated below, the court concludes that the petitioner is not entitled to relief based on the claim presented and denies the petition.

**I. BACKGROUND**

    Petitioner Robert Preston was a medicine man who developed a relationship with twelve-year-old Marquel S. in 1992. Resp.'s Ans. Ex. 7 at 2. After Marquel's grandfather died, petitioner told Marquel that her grandfather had told him to teach her about her Native American heritage. *Id.* at 3. Marquel then participated in an initiation ceremony, during which petitioner instructed Marquel to take off her clothes, wrap herself in a Navajo blanket, and sit on a white sheet. *Id.*

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS — C-05-05154 RMW
CCL

1  Petitioner then proceeded to have sexual intercourse with Marquel. *Id.* Following this, petitioner
2  sexually assaulted Marquel several more times. *Id.* at 4-5. When Marquel reported petitioner to the
3  police in 2000, she stated that petitioner had intercourse with her between thirty-five and sixty times.
4  *Id.* at 6. On October 9, 2001, a jury in San Mateo County Superior Court convicted petitioner of one
5  count of lewd and lascivious conduct upon a child under the age of fifteen years while petitioner was
6  at least ten years older than the child under California Penal Code section 288(c)(1) and one count of
7  rape under section 261(a)(2). Resp.'s Ans. Ex. 1 (hereinafter "CT") 220-22.

8  During the trial, the prosecution called on Crystal as a witness. Crystal testified that several
9  years before, in 1995, petitioner had attempted to commit similar acts to those Marquel alleges
10 petitioner committed against her. Resp.'s Ans. Ex. 2 (hereinafter "RT") 32-57. When Crystal
11 brought charges against petitioner, he pleaded no contest to sexual battery charges. RT 906.

12 Prior to Marquel's trial, the prosecutor was aware that Crystal had been arrested in San Diego
13 for drug possession but believed that she had not been charged or convicted of any crimes. Ans. 8.
14 The prosecutor saw a single arrest for possession for sale and/or transportation of drugs when he ran
15 Crystal's rap sheet. *Id.* The prosecutor did not contact the San Diego County Superior Court
16 because he believed her rap sheet was consistent with what she had told him. *Id.*

17 After Preston was convicted in this case, the prosecutor discovered that charges had been
18 filed against Crystal following her arrest in 1999. *Id.* Crystal had previously been released on her
19 own recognizance, but the San Diego County Superior Court had since issued a warrant because she
20 failed to make her next court appearance. After uncovering this information, the prosecutor notified
21 the defense counsel. *Id.* at 8-9. The defense counsel filed a motion for a new trial, but on May 10,
22 2002, the trial court decided that although this information should have been disclosed, it did not
23 affect Crystal's credibility in 1995, when she initially reported petitioner's sexual assault against her.
24 *Id.* at 9. The California Court of Appeals agreed that this evidence did not qualify as material under
25 *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and the California Supreme Court denied review. Ans.
26 9; Pet. Ex.'s A, B.

27 Petitioner now brings this habeas petition, arguing: (1) this impeachment evidence showing
28 that Crystal was arrested on drug charges in 1999 and had missed a court date was material under

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS — C-05-05154 RMW
CCL                                                2

*Brady*, and (2) the jury instruction governing the use of Crystal's testimony at trial was unconstitutional.

## II. ANALYSIS

### A.   General Standard of Review

The court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The court may grant the writ only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a state court's ruling to be contrary to clearly established federal law, it must apply a rule that contradicts the governing law set forth in Supreme Court cases, or confront a set of facts that are materially indistinguishable from a Court decision and nevertheless arrive at a different result from Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). The state court does not need to cite Court cases, so long as its decision is not contrary to Court precedent. *Id.* A state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The court cannot grant a habeas petition as being an "unreasonable application" of federal law merely because, in its opinion, the law was incorrectly applied in a case. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, the state court's application of federal law must be "objectively unreasonable" in order to justify granting the petition. *Id.* The review of state court decisions is highly deferential, and state court decisions should be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

### B.   Prosecution's Failure to Disclose Crystal's Drug Charges

Petitioner argues that his due process rights were violated when the prosecution failed to exercise due diligence in discovering and then disclosing to defense counsel that Crystal had

1  "serious drug charges" pending against her in San Diego.  Pet. 4-5.  Petitioner argues that this failure
2  is material because Crystal was characterized as "a better and more assured witness" than Marquel,
3  and the prosecution encouraged the jury to rely on Crystal's testimony in convicting petitioner.  *Id.*
4  Respondents do not contest that they failed to disclose evidence that is favorable to Preston.  *See*
5  Ans. 6-13.  Rather, respondents argue that this failure to disclose is not a material failure that
6  violates petitioner's constitutional rights.  *Id.* at 10-13.

7  Although habeas relief is usually warranted only if the alleged constitutional errors had a
8  "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v.*
9  *Abrahamson*, 507 U.S. 619, 637 (1993), when considering the suppression or failure to disclose
10 evidence, a different standard applies, *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).  Three elements
11 are required to sustain a claim that the suppression of evidence favorable to the defendant violates
12 due process: (1) "The evidence at issue must be favorable to the accused, either because it is
13 exculpatory, or because it is impeaching," (2) "that evidence must have been suppressed by the
14 state," and (3) "prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

15 When considering the third element, prejudice has ensued only if the suppressed evidence is
16 material, meaning "there is a reasonable probability that, had the evidence been disclosed to the
17 defense, the result of the proceeding would have been different."  *United States v. Bagley*, 473 U.S.
18 667, 682 (1985).  A "reasonable probability" can be found where the remaining evidence would still
19 be sufficient to convict the defendant, or where the outcome would more likely than not have been
20 the same.  *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008).  The question is whether the
21 evidentiary suppression undermines confidence in the outcome of the trial.  *Kyles*, 514 U.S. at 434.

22 The failure to discover and disclose the evidence impeaching Crystal would have to be
23 reasonably construed as "[putting] the whole case in such a different light as to undermine
24 confidence in the verdict" for it to violate due process.  *Kyles*, 514 U.S. at 435.  The state court
25 determined that the prosecution's failure to disclose to defense counsel that Crystal was being
26 criminally prosecuted did not undermine confidence in the outcome of the trial and therefore was not
27 material.  This determination was not "objectively unreasonable."  *Bell*, 535 U.S. at 699.  Crystal
28 testified that in 1995, petitioner had attempted to commit similar acts to those Marquel alleges

1  petitioner committed against her. RT 32-57. It is worth noting that Crystal was not a percipient
2  witness to the charged crimes. Ans. 11. In fact, Crystal testified that she had never even heard of
3  Marquel until she was contacted about testifying in this case. CT 59. Hence, her testimony had a
4  limited purpose, and the trial court informed the jury that it could consider the evidence only to the
5  extent that it was relevant to show Preston's disposition to commit sexual offenses or to prove
6  motive, intent, knowledge or a common scheme or plan. RT 1006-07. The impeachment evidence
7  about drug charges pressed in 1999 against Crystal does not suggest that she lied about what had
8  happened four years earlier in 1995, particularly since Crystal's trial testimony was consistent with
9  her original report to the police. Moreover, petitioner had pleaded no contest to the charge of sexual
10 battery about which Crystal testified. Pet. Ex. A at 12. Thus, the revelation of Crystal's drug
11 charges would not change the fact that Preston had been charged with sexually molesting Crystal
12 during the same time period in which Marquel alleges that he molested her and that Preston had
13 pleaded no contest to the charge of sexual battery against Crystal.

14     The cases petitioner cites discussing the materiality of impeachment evidence for key
15 witnesses under *Brady* are all distinguishable. Traverse 5-6. In each of those cases, the witness's
16 testimony was necessary to prove an otherwise-uncorroborated element. *See*, *e.g.*, *Horton v. Mayle*,
17 408 F.3d 570, 579 (9th Cir. 2005) (witness provided "the only 'direct' evidence that connected
18 [defendant] Horton to the crime"); *Banks v. Dretke*, 540 U.S. 668, 700 (2004) (witness provided
19 uncorroborated testimony about defendant's propensity to commit violent acts); *Benn v. Lambert*,
20 283 F.3d 1040, 1059 (9th Cir. 2002) (witness's testimony "provided the only direct evidence of the
21 aggravating factor of common scheme or plan"). Crystal's testimony is very different. She testified
22 to facts relating to a separate criminal charge against Preston, a charge to which Preston had already
23 pleaded no contest. RT 906. In light of this key difference and the fact that the review of state court
24 decisions is highly deferential, *Woodford*, 537 U.S. at 24, the court finds the state court's ruling on
25 the immateriality of the impeachment evidence to be reasonable.

26     **C.     Jury Instruction Given at Trial**

27     Petitioner argues that the jury instruction given at trial violated his due process rights. To
28 overturn a conviction that resulted from an improper jury instruction, the instruction must not merely

be undesirable, erroneous, or even "universally condemned," but rather it must violate some right guaranteed to the defendant by the Fourteenth Amendment. *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). To establish such a violation, petitioner must show that there is a "reasonable likelihood that the jury applied the instruction in a way that violated a constitutional right." *Carriger v. Lewis*, 971 F.2d 329, 334 (9th Cir. 1992). The jury instructions at issue in this case state:

> Evidence was introduced for the purpose of showing that the defendant engaged in a sexual offense other than that charged in this case.
> The crime to which the defendant plead [sic] no contest to on October 10, 1995, was a sexual offense.
> If you find that the defendant committed a prior sexual offense, you may but are not required to infer that the defendant had a disposition to commit sexual offenses.
> If you find that the defendant had this disposition, you may, but are not required, to infer that he was likely to commit or did commit the crime of which he is accused.
> However, if you find by a preponderance of the evidence, that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. The weight and significance of the evidence, if any, are for you to decide. Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

RT 1007-08. Petitioner argues that the jury instruction given at trial violated his due process rights because: (1) it lowered the prosecution's burden to less than proof beyond a reasonable doubt, and (2) it allowed the jury to convict solely on evidence of uncharged sexual conduct (the prior sexual offense).

### 1.   Beyond A Reasonable Doubt Standard

The Due Process Clause of the Fourteenth Amendment requires the prosecution to prove every element of the charged crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). If a jury instruction reduces the prosecution's burden of proof to less than guilty beyond a reasonable doubt, the defendant has been deprived of due process. *Id.* Typically, the presence of a permissive inference in the jury instruction does not violate the Due Process Clause because the prosecution still has the burden of persuading the jury that the suggested conclusion should be inferred based on the predicate facts proved. *Estelle v. McGuire*, 502 U.S. 62, 78 (1991) (O'Connor, J., concurring). The presence of a permissive inference in a jury instruction affects the "beyond a reasonable doubt" standard only if there is no rational way the trier could make the connection permitted by the inference. *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 157

(1979). "Only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination." *Id.*

The jury instruction at issue involves a permissive inference since it clearly states that the jury "may but [is] not required to" make any inference. RT 1008. Even if the jury were to choose to infer that the defendant had a disposition to commit sexual offenses, the jury was still free to decide whether this inference led to the conclusion that the defendant was "likely to commit" or "did commit" the crime. *Id.* It is rational to infer that if the defendant committed a prior sexual offense, then he may have had a disposition to commit sexual offenses. *See People v. Reliford*, 29 Cal. 4th 1007, 1012 (2003). Likewise, depending on the facts of the case, it can be rational to infer that if the defendant had a disposition to commit sexual offenses, then he is likely to commit or did commit the sexual offense of which he is accused. *Id.* at 1013. Because these connections can rationally be made, the presence of a permissive inference in the jury instruction does not, by itself, change the burden of proof.[1] *County Court of Ulster County*, 442 U.S. at 157.

Petitioner argues that the combination of the jury instruction containing the permissive inference and the prosecution's statement to the jury that it could find the predicate fact (that defendant committed a prior sexual offense) by a mere preponderance of the evidence lowered the prosecution's burden of proof to less than beyond a reasonable doubt. In its closing argument, the prosecution said:

> [I]f you find that I have proven that 1995 act [the prior sexual offense] to you by a preponderance of the evidence, not by a reasonable doubt, reasonable doubt applies to all these charges you have in front of you. But if you find by a preponderance of the evidence 50 point 1 percent, the scale just tipping, that that 1995 act has been proven, then you may believe and you may consider — the law says that Mr. Preston has a propensity to commit just that type of offense, just that type of a sex act on a minor child.

---

[1] Petitioner contends that use of character or disposition evidence to fix the time of a charged offense is irrational. However, the fact that defendant committed a prior sexual offense during the same time period as the charged offense makes the inference that defendant was likely to commit or did commit the charged offense more, not less, rational. Moreover, the instruction does not tell the jury to fix the timing of the charged offense based on the prior offense. As the state court pointed out, there is other evidence in the record that the charged offense occurred during the relevant time period. Pet. for Writ of Habeas Corpus Ex. A p. 8.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS — C-05-05154 RMW
CCL                                                                                         7

RT 933.

The Ninth Circuit held in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir. 2004), *reversed on other grounds by Byrd v. Lewis*, 566 F.3d 855 (9th Cir. 2009), that the combination of the 1996 version of California Jury Instructions - Criminal ("CALJIC") 2.50.01 and CALJIC 2.50.1 permitted the jury to convict by a mere preponderance of the evidence, rather than requiring proof beyond a reasonable doubt. The 1996 version of CALJIC 2.50.01 states:

> If you find that the defendant committed a prior sexual offense, you may but are not required to infer that the defendant had a disposition to commit sexual offenses. If you find that the defendant had this disposition, you may, but are not required, to infer that he was likely to commit or did commit the crime of which he is accused.

CALJIC 2.50.1 allows the jury to find the prior sexual offense by only a preponderance of the evidence. It was the "interplay of the two instructions [that] allowed the jury . . . to infer that he had committed the *charged* acts based upon facts found not beyond a reasonable doubt, but by a preponderance of the evidence." *Gibson*, 387 F.3d at 822. In *Gibson* and various other cases relied upon by petitioner, the court failed to make it clear that the jury could not find the predicate fact (that defendant committed a prior sexual offense) by only a preponderance of the evidence and then convict the defendant based on that fact alone.

Though the language in the 1996 version of CALJIC 2.50.01 is identical to a portion of the disputed jury instructions in this case, that is where the similarity ends. The jury instructions in this case go on to explicitly provide: "if you find by a preponderance of the evidence, that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." RT 1007-08. This supplemental language, which was added in the revised 1999 version of CALJIC 2.50.01, makes it clear that if the jury finds the commission of the prior sexual offense by only a preponderance of the evidence, this is an insufficient basis for convicting the defendant of the charged crime.

The prosecution's closing argument does not contradict this instruction. The prosecution only tells the jury that if it finds by even a preponderance of the evidence that petitioner committed the prior sexual offense, it should find that petitioner had a propensity to commit a certain type of sexual offense. Notably, the prosecution does not go on to encourage the jury to rely on this evidence alone to convict petitioner for the charged offense. Moreover, even if the prosecution had

1  gone a step further and told the jury to rely on a preponderance of the evidence finding alone to
2  convict the defendant, this would directly contradict the jury instructions delivered by the judge.
3  The judge explicitly instructed the jury:

> [E]ach fact which is essential to complete a set of circumstances, necessary to establish the defendant's guilt, must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests, must be proved beyond a reasonable doubt.

RT 1000. The judge also instructed the jury that "[i]f anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions." RT 995. It is presumed that the jury followed the jury instructions. *See Gibson*, 387 F.3d at 822 (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)). Therefore, the state court's finding that the jury instructions did not lower the prosecution's burden of proof to less than beyond reasonable doubt is not contrary to, or an objectively unreasonable application of, clearly established federal law. *See McGee v. Knowles*, 218 Fed. Appx. 584, 585 (2007) (concluding that the state court's decision – that the revised version of CALJIC 2.50.01 did not lower the burden of proof – was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent).

### 2.  Conviction Based Solely on Prior Sexual Offense

Petitioner also asserts that his constitutional rights were violated because the jury instructions permitted the jury to convict him based solely on evidence of a prior sexual offense. Under the Due Process Clause, the prosecution must prove every element of the charged crime beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364. It is not possible to find every element of a charged crime based solely on evidence of a prior sexual offense. *See Reliford*, 29 Cal. 4th at 1015. Therefore, the Due Process Clause prohibits convictions that are based solely on evidence of a prior sexual offense.

The jury instructions in this case provide: "if you find by a preponderance of the evidence, that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." RT 1007-08 (emphasis added). As discussed above, this instruction makes it clear that the jury cannot convict based solely on finding

the commission of the prior sexual offense if that finding was made only by a preponderance of the evidence. Petitioner contends that the language underlined above implies that the jury *may* convict based solely on finding the commission of a prior sexual offense if that finding was made beyond a reasonable doubt.

The California Supreme Court addressed this precise contention in *People v. Reliford* and "rejected defendant's contention that the instruction 'implies by way of a negative pregnant that prior sex offenses proved beyond a reasonable doubt are indeed sufficient to prove the present offense beyond a reasonable doubt.'" 29 Cal. 4th at 1015. Justice Kennard, in her concurrence and dissent, came to the opposite conclusion, finding the jury instruction "potentially misleading. It suggests that the jury can rely on a defendant's prior sexual offense as the sole basis for convicting him of the charged offense, so long as the jury finds the prior offense true by a higher standard of proof than preponderance of the evidence." *Id.* at 1017. The court finds the majority's contrary conclusion in *Reliford* more persuasive but, in any event, the giving of the challenged instructions in this case was not contrary to clearly established federal law.

For a state court's ruling to be contrary to clearly established federal law, it must apply a rule that contradict the governing law set forth in Supreme Court cases, or confront a set of facts that are materially indistinguishable from a Court decision and nevertheless arrive at a different result from Court precedent. *Early*, 537 U.S. at 8. The Supreme Court has not addressed the constitutionality of the disputed jury instructions in this case; in fact, it has declined to rule on the constitutionality of permitting "prior crimes" evidence to show propensity to commit a charged crime. *See Estelle*, 502 U.S. at 75 n.5. Therefore, the state court undoubtedly has not confronted a set of facts that are materially indistinguishable from a Court decision. The state court's ruling also does not apply a rule contradicting governing Supreme Court case law. The relevant governing law in this case is the Due Process Clause's prohibition of convictions based solely on evidence of a prior sexual offense. The state court relied upon *People v. Reliford* in concluding that the jury instructions in this case were constitutional. The California Supreme Court in *People v. Reliford* did not suggest that a guilty verdict based solely on proof of uncharged conduct is constitutional; rather its decision was

based on finding that the jury instruction did not authorize such a guilty verdict.  29 Cal. 4th at 1013.

The state court's ruling also did not involve an unreasonable application of clearly established federal law.  The review of state court decisions is highly deferential, and state court decisions should be given the benefit of the doubt.  *Woodford*, 537 U.S. at 24.  The court cannot grant a habeas petition merely because, in its opinion, the law was incorrectly applied in a case.  *Bell*, 535 U.S. at 698-99.  Rather, the state court's application of the law must be "objectively unreasonable" in order to justify granting the petition.  *Id.*  As discussed above, the state court's ruling that the jury instructions did not authorize conviction based solely on evidence of prior sexual conduct was not objectively unreasonable.  *See Smith v. Ryan*, 220 Fed. Appx. 563, 566 (9th Cir. 2007) (holding that the state court's decision – that the revised 1999 version of CALJIC 2.50.01 was not reasonably likely to confuse jurors – was not objectively unreasonable).

### III.  CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009).  For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is denied..

### IV. ORDER

For the foregoing reasons, the court denies the petition for a writ of habeas corpus and also finds based upon the above analysis that a certificate of appealability will not be issued by this court.

DATED:      1/6/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Dennis Patrick Riordan    dennis@Riordan-Horgan.com
Donald Meredith Horgan    don@riordan-horgan.com

**Counsel for Respondent:**

Ann P. Wathen    ann.wathen@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   1/6/10                                              CCL
                                                                     **Chambers of Judge Whyte**